RECEIVED
IN ALEXANDRIA, LA
JAN 19 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH AUGUSTINE | DOCKET NO. 06-CV-1278 |
| VERSUS | JUDGE DRELL |
| STALDER, ET AL | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Joesph Augustine, filed *in forma pauperis* on July 27, 2006. Plaintiff's current place of confinement is Winn Correctional Center ("WCC") in Winnfield, Louisiana. Plaintiff originally named as defendants Richard Stalder, Tim Wilkinson, Officer Orthal Williams, and Officer Roder. Plaintiff initially claimed that his civil rights were violated because of the negligence of these defendants and because the defendants provided him with inadequate medical care.

Plaintiff was ordered to amend his complaint on November 17, 2006, and he submitted the amended complaint for filing on December 11, 2006. In his amended complaint, titled "Petition for Damages," Plaintiff names as defendants Corrections Corporation of America ("CCA"), Winn Correctional Center, Officer Williams, and Officer Roder. In the Amended Complaint, Plaintiff claims only that the defendants are liable to him for negligence resulting in personal injury.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of the court.

## STATEMENT OF THE CASE

According to Augustine, on March 13, 2006, he and three other inmates were being transported to Louisiana State University Medical Center in Shreveport. The driver, Orthal

Williams, was repeatedly "pumping" the breaks before leaving the prison compound, causing Plaintiff and the other inmates to slide forward in their seats. Plaintiff claims that after leaving WCC, Williams accelerated to approximately sixty miles per hour and then suddenly, without warning, slammed on his brakes for no reason. Plaintiff and another inmate were thrown into the cage separating the inmates from the driver.

After the incident, Williams continued on with the inmates to LSU Medical Center. When they arrived at the center, they were examined by medical staff. Plaintiff was diagnosed with muscle strain and back strain as a result of the incident. Plaintiff claims that he continues to suffer from pain in his shoulder, neck, and back.

## LAW AND ANALYSIS

### I. Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1).

A hearing need not be conducted for every *pro se* complaint. See Wilson v. Barrientos, 926 F.2d 480, 483, n. 4 (5th Cir. 1991). A district court should be able to dismiss as frivolous a

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992).

significant number of prisoner suits on the complaint alone. See Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias, 23 F.3d at 97.

**II. Negligence**

Congress enacted 42 U.S.C. § 1983 as "a species of tort liability in favor of persons who are deprived of rights, privileges, or immunities secured to them by the Constitution." Memphis Community Sch. Dist. v. Stachura, 477 U.S. 299, 305-06 (1986). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, (1988).

As Plaintiff was advised in the Memorandum Order (Doc. #5), because the deprivation must be intentional, **negligent conduct cannot serve as the basis for a § 1983 claim.** See Jackson v. Procunier, 789 F.2d 307, 310 (5th Cir.1986) (citing Davidson v. Cannon, 474 U.S. 344 (1986); Daniels v. Williams, 474 U.S. 327 (1986)). Plaintiff has not claimed that he was intentionally deprived of any liberties. In fact, in his amended complaint, Plaintiff specifically states that the

3

accident, and damages resulting there from, were caused "solely and entirely" through the **negligence** of the defendants. (Doc. #8, p.3-4.) Thus, to the extent that Plaintiff seeks redress on the basis of the defendants' negligence, he has failed to state a claim for which relief may be granted.

### III. Denial of Medical Care

In his initial complaint, Plaintiff briefly mentions that he was denied appropriate medical care. Plaintiff was ordered to amend his complaint to state what individuals had been deliberately indifferent to his serious medical needs and how each of those defendants exhibited the deliberate indifference. In his amended complaint, Plaintiff did not present any allegations regarding medical care whatsoever. Because his initial complaint failed to state a claim for which relief could be granted regarding medical care, and because Plaintiff did not present any allegations of deliberate indifference despite being given opportunity to do so through an amended complaint, his claim in that regard should be dismissed.

### IV. Supervisory Liability

Plaintiff's claims against Secretary Stalder and Warden Wilkinson are likewise without merit. In the Court's Memorandum Order (Doc. #5), Plaintiff was advised that supervisory officials may be held liable **only if**: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) they implemented unconstitutional policies that causally result in the plaintiff's injuries. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951 (1993). Plaintiff was specifically informed that he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by Wilkinson and Stalder.

In Plaintiff's amended complaint, he does not include Wilkinson and Stalder in the caption, nor does he mention either gentleman in the pleading. Plaintiff did not set forth any allegations that

either Wilkinson or Stalder were personally involved in the acts complained of or that either man had implemented unconstitutional policies. Therefore, Plaintiff has failed to state a claim against Wilkinson or Stalder, and the claims against those defendants should be dismissed.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's civil rights case be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 18th day of _____, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE